IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM SAMPSON, | ) |
| | ) |
| Petitioner, | )  Case No.   3:23-CV-1792-RJD |
| | ) |
| vs. | ) |
| | ) |
| THOMAS LILLARD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Petitioner Kareem Sampson's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Specifically, in his Petition, Sampson challenges his "Medium" classification based on the Bureau of Prison ("BOP")'s Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").  The Government responded in opposition to the Petition (Doc. 15), and Sampson filed a Reply (Doc. 18).  For the following reasons, the Petition is **DENIED.**

**Factual and Procedural Background**

Sampson is a federal prisoner who is incarcerated at the Federal Correctional Institution at Greenville ("FCI-Greenville") within the Southern District of Illinois.  Sampson was sentenced by the United States District Court for the Eastern District of Pennsylvania to 180 months in prison for the offense of Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  According to the BOP website, his projected release date is September 12, 2024.[1]

On October 5, 2023, BOP assessed Sampson's General PATTERN to be "Medium,"

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp

reflecting a total score of 44, including five points for "Violent Offense (Pattern)."[2] (Doc. 15-1, p. 43-44). Sampson's prior PATTERN score assessment, dated April 11, 2023, reflected the same score and Medium risk level designation. (Doc. 15-1, p. 46). As explained by the BOP Unit Manager at FCI-Greenville, "[p]ursuant to BOP Program Statement 5162.05, Categorization of Offenses, any conviction for an offense listed under § 922(g) for Title 18 is categorized as a crime of violence in all cases. Five points are added to the PATTERN score of inmates who have a conviction for a crime of violence." (Doc. 15-1, p. 4 at ¶9).

In his petition, Sampson does not dispute any factual findings relating to BOP's calculation of his PATTERN score. Rather, he targets BOP's policy to classify convictions for felons in possession of a firearm under § 922(g)(1) as a "crime of violence." Said classification resulted in a finding of medium recidivism and rendered Sampson ineligible for automatic application of certain time credits and early release under the First Step Act ("FSA"). Sampson argues that the classification of the offense of § 922(g)(1) as a "crime of violence" is against well-established case law of the United States Supreme Court and other district courts. He cites *United States v. Stinson*, 508 U.S. 36, 113 S. Ct. 1913 (1993) and *Jones v. United States*, 39 F.4th 523 (8th Cir. 2022), which he argues stand for the proposition that the BOP may not classify § 922(g)(1) as a crime of violence in any context, including in calculation of inmates' PATTERN scores.

Respondent, on the other hand, argues that *Stinson* has a much narrower meaning that is inapplicable to the issue before the Court. According to Respondent's reading, *Stinson* merely holds that the Sentencing Guideline's commentary excluding an offense of unlawful possession of a firearm by a felon from the definition of a "crime of violence" is binding to courts only as to the

---

[2] Sampson was also assessed a "Medium" Violent Pattern Score of 31, including seven points for "Violent Crime." Per the Declaration of Rovelda Workman (Doc. 15-1, pp. 2-5), the overall PATTERN score is the higher of the General Score or Violent Score.

issue of implementing the career offender provision of the United States Sentencing Guideline ("USSG") § 4B1.1.  Respondent further argues that the petition must be denied because Sampson has no constitutionally protected liberty interest cognizable under § 2241 in his PATTERN score calculation and the resulting recidivism risk level.  The Court agrees with Respondent's narrow reading of *Stinson* and finds Sampson's argument to be unpersuasive.  Because Sampson's sole basis for his petition is his expanded interpretation of *Stinson*, which the Court rejects, the Court will not address Respondent's alternative argument based on the lack of cognizable liberty interest.

## Discussion

A writ of habeas corpus may be granted if an inmate "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241 (c)(3).  A federal inmate may challenge the application of potential sentence credits in the calculation of his sentence in a § 2241 petition.  *Setser v. United States,* 566 U.S. 231, 244 (2012).  As set forth above, Sampson argues that BOP's calculation of his PATTERN score is against federal law, as interpreted by *Stinson* and *Jones*.

In *Stinson*, the Supreme Court addressed whether the United States Sentencing Commission's amended commentary in USSG § 4B1.1 was binding on federal courts applying USSG § 4B1.1.  *Stinson*, 508 U.S. at 38, 113 S. Ct. at 1915.  There, the defendant had pled guilty to five counts, including bank robbery and possession of a firearm by a convicted felon, and was sentenced as a career offender under USSG § 4B1.1.  *Id.*  The USSG was promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984 ("Sentencing Reform Act"), as amended, 18 U.S.C. § 3551 *et seq.*, and provided in pertinent parts that a defendant could not be deemed a career offender unless "the instant offense of conviction [was] a felony that [was] either a crime of violence or a controlled substance offense."  *Stinson*,

508 U.S. at 38-40, 113 S. Ct. at 1915-17 (citing U.S.S.G. 4B1.1).  The defendant appealed his sentence, arguing that the offense of possession of a firearm by a convicted felon under § 922(g)(1) was not a crime of violence.  *Stinson*, 508 U.S. at 39, 113 S. Ct. at 1916.  While the appeal was pending, the Sentencing Commission amended its commentary to USSG § 4B1.1 to explicitly exclude § 922(g) from being deemed a crime of violence for purposes of a career offender determination under USSG § 4B1.1. *Id.* (citation omitted).  Despite the amended commentary, the appellate court affirmed the petitioner's sentence, holding that the commentary to the Guidelines was not binding on the federal courts.  *Stinson*, 508 U.S. at 39-40, 113 S. Ct. at 1916-17.  On certiorari, the United States Supreme Court reversed the appellate court's decision, holding that the Sentencing Guidelines commentary was the Sentencing Commission's "interpretation of its own legislative rules" and that it was binding to federal courts so long as it did not violate the Constitution or a federal statute and it was not "plainly erroneous or inconsistent with the [Guidelines]."  *Stinson*, 508 U.S. at 45, 113 S. Ct. at 1919 (citation omitted).  Finding the amended commentary passed muster, the Court concluded that "[f]ederal courts may not use the felon-in-possession offense as the predicate crime of violence *for purposes of imposing the career offender provision of USSG § 4B1.1 as to those defendants to whom*" the amended commentary applies.  *Stinson*, 508 U.S. at 47, 113 S. Ct. at 1920 (emphasis added).

It is clear that *Stinson* does not stand for the general proposition that the § 922(g) offense of convicted felon in possession of a firearm is categorically a non-violent crime in every context. Rather, *Stinson* sets forth the framework of the appropriate deference courts should afford to federal agencies' guidelines commentaries interpreting their own legislative rules.  The Court's ruling that the § 922(g) offense is excluded from the definition of "crime of violence" refers only to the term as it is used under USSG § 4B1.1 for the purpose of determining a career offender and

only for those offenders to whom the amended commentary applies. There is nothing in the Court's order that would preclude the BOP from adopting a different definition of the term "crime of violence" for purposes other than the determination of a career offender under USSG § 4B1.1.

Similarly, the Eighth Circuit Court of Appeals in *Jones* did not deal with whether the § 922(g)(1) offense of possession of a firearm by a convicted felon was a "crime of violence" for the purposes of calculating the inmates' PATTERN score under the FSA. 39 F.4th 523. There, Jones, who had pleaded guilty to conspiracy to commit Hobbs Act robbery and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c), moved for postconviction relief under 28 U.S.C. § 2255. *Id.* at 524. He argued that his § 924(c) conviction should be vacated in light of the intervening case, *United States v. Davis*, 588 U.S. 445, 139 S. Ct. 2319 (2019), which found the "residual clause" of § 924(c)(3)(B) that defines "crime of violence" to be unconstitutionally vague. *Id.* The alleged predicate offenses of Jones' § 924(c) offense were conspiracy to commit Hobbs Act robbery, aiding and abetting attempted Hobbs Act robbery, and unlawful possession of a firearm as a convicted felon under § 922(g)(1), with the latter two, however, being dismissed pursuant to the plea agreement. *Id.* at 524-25. Finding that Jones' conviction under § 924(c) was premised on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence, the Eighth Circuit reversed the district court's judgment and vacated Jones' conviction. *Id.* at 526. The only reference to the § 922(g)(1) offense of possession of a firearm as a convicted felon was to clarify that Jones' dismissed predicate offenses were insufficient to establish Jones' § 924(c)(3)(B) and that the government did not dispute that the § 922(g)(1) offense was not a crime of violence. *Id.* As in *Stinson*, this reference relates only to sentencing and has no bearing on the issue of calculating an inmate's PATTERN score under the FSA.

Turning to the case at bar, the issue here is whether the BOP may categorize a § 922(g)(1) offense as a crime of violence for the purposes of calculating inmates' PATTERN score. Unlike USSG and the Sentencing Commission's commentary to the same, which were promulgated under the Sentencing Reform Act, the BOP promulgated PATTERN, pursuant to the FSA, which delegated to the Attorney General the development of "a risk and needs assessment system" in order to "determine the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a)(1). Because these are two distinct enactments, the Sentencing Commission's commentary, which excluded a § 922(g) offense from being deemed a "crime of violence" for purposes of implementing USSG § 4B1.1, has no bearing on whether the BOP may consider the same offense as a "crime of violence" in calculating inmates' PATTERN scores pursuant to FSA. Further, the FSA gives the Attorney General discretion in assessing inmates' recidivism risk level under PATTERN and to classify felons in possession of a firearm as a "violent crime." *See Haynes v. Lillard*, No. 23-CV-1051-SMY, 2023 WL 7387264, at *2 (S.D. Ill. Oct. 10, 2023). Accordingly, the BOP's determination that Petitioner's offense constitutes a 'crime of violence' is well within its discretion under the FSA. *See also Lopez v. Davis*, 531 U.S. 230, 244 (2001) ("The [BOP] reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision").

Finally, Sampson argues that considering a § 922(g)(1) offense as a crime of violence in calculating his PATTERN score is in violation of BOP's own Custody Classification policy, which he argues does not list said offense as a crime of violence. Sampson did not provide a citation to the referenced policy and did not attach it to his filings. Respondent, however, included in his

response a copy of BOP's Program Statement 5162.05, Categorization of Offenses, dated March 16, 2009, as well as the Declaration of Rovelda Workman regarding the same.  (Doc. 15-1, pp. 2-5).   PS 5162.05 purports to assist in the implementation of various Federal Bureau of Prisons policies and programs and provides that "an inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." (Doc. 15-1, p. 49).   Section 3 of PS 5162.05 lists offenses the BOP categorizes as crimes of violence, including § 922(g).  (Doc. 15-1, p. 52).  Accordingly, Sampson's argument to the contrary lacks merit.

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED,** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Sampson wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A Rule 60 motion for relief from a final judgment does not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues that Sampson plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If Sampson chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six

months), irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1tt999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:   September 4, 2024**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**